**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Roland Dorsey, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  15 C 1548 |
| | ) | |
| First Financial Asset Management, Inc., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Roland Dorsey, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.      Plaintiff, Roland Dorsey ("Dorsey"), is a citizen of the State of Georgia, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for medical services, despite the fact that he had exercised his rights under the FDCPA to refuse to pay that debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, First Financial Asset Management, Inc. ("FFAM"), is a

Delaware corporation that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt

to collect, delinquent consumer debts.  Defendant FFAM operates a nationwide debt

collection business and attempts to collect debts from consumers in every state,

including many thousands of consumers in the State of Illinois.  In fact, Defendant

FFAM was acting as a debt collector as to the delinquent consumer debt it attempted to

collect from Plaintiff.

5.      Defendant FFAM is authorized to conduct business in the State of Illinois

and maintains a registered agent within the State of Illinois, see, record from the Illinois

Secretary of State, attached as Exhibit A.  In fact, Defendant conducts business in

Illinois.

6.      Defendant FFAM is licensed as a debt collection agency in the State of

Illinois, see, record from the Illinois Department of Professional Regulation, attached as

Exhibit B.  In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.      Mr. Dorsey is a senior citizen with limited assets and income, who fell

behind on paying his bills, including one he owed for medical services.  When FFAM

began trying to collect this debt from Mr. Dorsey, he sought the assistance of the legal

aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial

difficulties and Defendant FFAM's collection actions.

8.      Accordingly, on August 17, 2014, one of Mr. Dorsey's attorneys at LASPD

informed FFAM, in writing, that Mr. Dorsey was represented by counsel, and directed

FFAM to cease contacting him, and to cease all further collection activities because Mr.

Dorsey was forced, by his financial circumstances, to refuse to pay his unsecured

debts.  Copies of this letter and fax confirmation are attached as Exhibit <u>C</u>.

9.      Nonetheless, Defendant FFAM called Mr. Dorsey directly, including, but

not limited to, a telephone call on August 26, 2014, from telephone number 877-290-

2718, attempting to collect the medical debt.

10.      Defendant FFAM's collection actions complained of herein occurred within

one year of the date of this Complaint.

11.      Defendant FFAM's collection communications are to be interpreted under

the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd.</u>

<u>Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

12.      Plaintiff adopts and realleges ¶¶ 1-11.

13.      Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

14.      Here, the letter from Mr. Dorsey's, agent/attorney, LASPD, told Defendant

FFAM to cease communications and cease collections (Exhibit <u>C</u>).  By continuing to

communicate regarding collection of this debt, Defendant FFAM violated § 1692c(c) of

the FDCPA.

15.      Defendant FFAM's violation of § 1692c(c) of the FDCPA renders it liable

for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15

U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debts and has knowledge of, or can

readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

18.     Defendant FFAM knew that Mr. Dorsey was represented by counsel in

connection with his debts because his attorneys at LASPD had informed Defendant, in

writing (Exhibit <u>C</u>), that he was represented by counsel, and had directed Defendant

FFAM to cease directly communicating with him.  By directly calling Mr. Dorsey, despite

being advised that he was represented by counsel, Defendant FFAM violated § 1692c

(a)(2) of the FDCPA.

19.     Defendant FFAM's violation of § 1692c(a)(2) of the FDCPA renders it

liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Roland Dorsey, prays that this Court:

1.     Find that Defendant FFAM's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Dorsey, and against Defendant FFAM,

for actual and statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Roland Dorsey, demands trial by jury.

Roland Dorsey,

By: /s/ David J. Philipps_____

One of Plaintiff's Attorneys

Dated:  February 19, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com